UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES JOHNSON, JR.,

                  Petitioner,                            Case No. 2:11-cv-14106

v.                                                  Honorable R. ALLAN EDGAR

STEVEN RIVARD,

                  Respondent.

_____/

**<u>MEMORANDUM AND ORDER</u>**

       Petitioner Charles Johnson,  Jr. filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction for one count manufacture and delivery of less than 50 grams of cocaine, in violation of M.C.L. § 337.7401(2)(a)(iv); one count of manufacture and delivery of marijuana, in violation of M.C.L. § 333.7401(2)(d)(iii); and one count of possessing an open container of alcohol in a motor vehicle, in violation of M.C.L. § 257.624a.  Petitioner is serving concurrent sentences of 2 to 20 years, 2 to 15 years, and ninety days.   The Petitioner alleges:

        I.  Unlawful arrest violating [Petitioner's] Fourth Amendment right to be secured from unconstitutional and unreasonable searches and seizures.

        II.   Denial of [Petitioner's] Sixth Amendment right to effective assistance of counsel for [his] defense.

        III. Denial of [Petitioner's] Fourth Amendment right to be secured from the issuance of warrants without probable cause.

        IV. Denial of [Petitioner's] Fifth Amendment right to be prosecuted by grand jury indictment for infamous crimes.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state

2

adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412.  Rather, the application must also be "unreasonable." *Id.*  Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).  Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness.  This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he was unlawfully arrested without a warrant, in violation of his Fourth Amendment rights (ground I).  Petitioner further argues that his arrest was not supported by probable cause and was therefore in violation of his Fourth Amendment rights (ground III).  Petitioner raised these claims in his direct appeal to the Michigan Court of Appeals, who rejected his claims "for lack of merit in the grounds presented."  Apr. 6, 2010 Order, Michigan Court of Appeals No. 295751, Doc. No. 13-6, p. ID 174.  The Michigan Supreme Court denied Petitioner's application

3

for leave to appeal the Court of Appeals's order.  Sept. 9, 2010 Order, Michigan Supreme Court No. 141058, Doc. No. 13-7, p. ID 186.  When Petitioner raised the claims in his motion for relief from judgment, the trial court noted that the Michigan Court of Appeals had ruled against Petitioner, and stated that he had failed to demonstrate entitlement to relief as he had failed to demonstrate a retroactive change in the law since the Court of Appeals's decision.  Jun. 6, 2011 Op. and Order, Oakland County Circuit Court No. 08-221624-FH, Doc. No. 13-5, p. ID 169.

Petitioner's Fourth Amendment claims are subject to dismissal under the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976).  In *Stone*, the Supreme Court concluded that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482.

In *Riley v. Gray*, 674 F.2d 522 (6th Cir.), cert. denied, 459 U.S. 948 (1982), the Sixth Circuit interpreted *Stone* as requiring the district court to make two distinct inquiries in habeas proceedings:

> Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim.  *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980).  Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3rd Cir. 1980); *Gates v. Henderson*, 568 F.2d 830, 840 (2nd Cir. 1977) (*en banc*), *cert. denied*, 434 U.S. 1038 (1978).

*Id.* at 526 (footnote omitted).  The record reveals no reason why Petitioner would have been prevented from raising his Fourth Amendment claims in the state courts.  Indeed, Petitioner raised these issues

in the state courts on appeal, where they were rejected. Accordingly, Petitioner is precluded from

raising this claim under the rule announced in *Stone v. Powell*.

   Petitioner argues that he received ineffective assistance of counsel. To prevail on an

ineffective assistance of counsel claim, a convicted defendant must demonstrate (1) that counsel's

errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth

Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S.

668, 688-96 (1984). Stated another way, this court is to decide whether Petitioner's trial counsel's

alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged

failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have
> likely undermined the reliability of, and confidence in, the result.
> *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by
> counsel, even if professionally unreasonable, does not warrant setting
> aside the judgment of a criminal proceeding if the error had no effect
> on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in*
> *Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495
> U.S. 961 (1990). In evaluating petitioner's claim, "a court must
> indulge a strong presumption that counsel's conduct falls within the
> wide range of reasonable professional assistance." *Id.* at 689.
> "Counsel is constitutionally ineffective only if performance below
> professional standards caused the defendant to lose what he otherwise
> would probably have won." *United States v. Morrow*, 977 F.2d 222,
> 229 (6th Cir. 1992) (*en banc*), *cert. denied*, 113 S. Ct. 2969 (1993).
> Thus, the determinative issue is not whether petitioner's counsel was
> ineffective but whether he was so thoroughly ineffective that defeat
> was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81,84 (6th Cir. 1996).

   Petitioner argues that he was denied effective assistance of counsel when, Petitioner

alleges, he was forced to argue a motion to withdraw his guilty plea without counsel's assistance. The

Michigan Court of Appeals denied this claim for lack of merit, and the Michigan Supreme Court

denied leave to appeal the Court of Appeals's order.  In rejecting this claim in Petitioner's motion for

relief from judgment, the trial court explained:

> The record establishes that Defendant had court-appointed counsel, but his counsel did not wish to present the motion, presumably because counsel believed the motion to be without merit.  At the time of sentencing on March 11, 2009, the Court permitted Defendant to argue the motion *in propria persona*.  The Court did not "require" Defendant to argue the motion without counsel.  After hearing argument from Defendant and the People, the Court denied the motion and proceeded to sentencing.
>
> Effective assistance of counsel is presumed and Defendant bears the heavy burden of proving otherwise.  *People v. Rockey*, 237 Mich. App. 74, 76; 601 NW2d 887 (1999).  To establish effective assistance of counsel, Defendant must prove (1) that his counsel's performance was so deficient that he was denied his Sixth Amendment right to counsel; and (2) that this deficient performance prejudiced him to the extent that there is a reasonably probability that but for counsel's error, the result of the proceeding would have been different.  *People v. Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).  Defendant has not established either element.  The sole basis for his argument is that the Court allegedly "required" him to proceed with his motion without counsel's assistance.  This is insufficient to establish ineffective assistance of counsel.

Jun. 6, 2011 Op. and Order, Oakland County Circuit Court No. 08-221624-FH, Doc. No. 13-5, p. ID

172.  The Court notes that the trial court mistakenly found that Petitioner had not raised this argument

with the Michigan Court of Appeals.  *See id.* at 171.  However, that error does not make the trial's

court's analysis of the issue unreasonable.  Petitioner's counsel did not agree with Petitioner's

decision to move to withdraw his guilty plea and therefore refused to make the motion for him.  Sent.

Trans., Doc. No. 13-3, p. ID 154.  The trial court agreed that Petitioner could file his own motion, and

argue it at his sentencing hearing, where his counsel was present.  *Id*. The motion was denied.  *Id.* at

p. ID 157-58.  "Counsel [is] not required to raise meritless arguments to avoid a charge of ineffective

assistance of counsel."  *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).  Petitioner has

therefore not established the first prong of the *Strickland* test.  Furthermore, Petitioner has not presented evidence to support an argument that his plea was not made knowingly and voluntarily, and therefore has not established prejudice under the second prong of *Strickland*.  The Michigan court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Finally, Petitioner argues that his Fifth Amendment right was violated because he was not indicted by a grand jury.  Petitioner first raised this argument in his motion for relief from judgment, and the trial court denied it.  The Fifth Amendment right to an indictment by a grand jury does not apply to the states.  *Williams v. Haviland*, 467 F.3d 527, 531-32 (6th Cir. 2006) (citations omitted); *see also Hurtado v. California*, 110 U.S. 516, 535 (1884) (the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury).  Since Petitioner was charged for state crimes in state court, the federal grand jury requirement does not apply.  Petitioner's claim is without merit.

Accordingly, the Petition is Dismissed.

In addition, if Petitioner should choose to appeal this action, a certificate of appealability is denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court

must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Memorandum and Order will be entered.

SO ORDERED.


Dated:      4/18/2014                    */s/ R. Allan Edgar*
                                         R. Allan Edgar
                                         United States District Judge